*E-FILED 12-06-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C11-05770 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE** |
| v. | |
| LILIA E. DIZON and DOES 1-5, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

    Pro se defendant Lilia E. Dizon removed this case from Santa Clara County Superior Court and requested leave to proceed in forma pauperis (IFP). For the reasons stated below, the undersigned recommends that defendant's IFP application be denied as moot, and that this action be summarily remanded to the state court.

    The record presented indicates that on May 18, 2011, Wells Fargo Bank, N.A. (Wells Fargo) filed the instant action for forcible detainer/forcible entry. According to the complaint, Wells Fargo previously filed an action for unlawful detainer against Dizon and obtained a default judgment for possession of the property. The complaint further alleges that, without plaintiff's consent, defendant then forcibly took possession of the premises and refuses to leave.

    A court may authorize the commencement of a civil action in forma pauperis if the court is satisfied that the applicant cannot pay the requisite filing fee. 28 U.S.C § 1915(a)(1). However, a court may dismiss a case filed without the payment of the filing fee whenever it

1  determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief
2  may be granted; or (iii) seeks monetary relief against a defendant who is immune from such
3  relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, "[i]f the court determines at any time
4  that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P.
5  12(h)(3).

6  Removal to federal court is proper where the federal court would have original subject
7  matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a
8  notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto
9  that removal should not be permitted, the court *shall* make an order for summary remand." 28
10 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against
11 removal and place the burden on the defendant to demonstrate that removal was proper.
12 Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v.
13 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

14 Defendant contends that the foreclosure of her home and the prior unlawful detainer
15 action were conducted in violation of federal law and her constitutional rights. Federal courts
16 have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of
17 the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the
18 "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v.
19 Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal
20 question do not satisfy this requirement. Id. The record indicates that plaintiff's complaint
21 presents claims arising only under state law and does not allege any federal claims whatsoever.
22 Defendant's allegations in a removal notice or in a response to plaintiff's complaint cannot
23 provide this court with federal question jurisdiction. Accordingly, defendant has failed to show
24 that removal is proper on account of any federal substantive law.

25 Nor does this court have diversity jurisdiction over the matter. Defendant does not
26 establish diversity of citizenship in her removal notice, and a review of the complaint shows
27 that it specifies that the amount of claimed damages does not exceed $10,000.00. (Complaint at
28 1). In any event, as a California defendant, Dizon does not have the right to remove this action

2

to federal court under diversity jurisdiction.  28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge.  The undersigned further RECOMMENDS that the newly assigned judge deny the IFP application as moot and summarily remand the case to Santa Clara County Superior Court.  Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: December 6, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

3

1  5:11-cv-05770-HRL Notice has been electronically mailed to:

2  Eric Gene Fernandez      eric.fernandez@tflglaw.com, donna.hoagland@tflglaw.com, laurie.howell@tflglaw.com, noah.bean@tflglaw.com, sean.bedrosian@tflglaw.com

3

4  5:11-cv-05770-HRL Notice sent by U.S. Mail to:

5  Lilia Dizon
   c/o Non-Domestic Mail
6  1338 Flickinger Avenue
   San Jose, CA 95131
7
   Lilia Dizon
8  2530 Berryessa Road #515
   San Jose, CA 95132

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28